UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ARZOLA,

    Plaintiff,

vs.

B&D CORP. OF FLORIDA, a Florida
Corporation d/b/a BIG AND DEALS
SUPER CENTER and

ABUAISH ENTERPRISES OF
FLORIDA, Inc., a Florida
Corporation, and

ORAB ABU AISH, individually,

    Defendants.
_____/

Case No.:  8:16-cv-105-T-30JSS

## DEFAULT FINAL JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 15). The Court, having reviewed the motion and Plaintiff's complaint, and being otherwise advised in the premises, concludes that the motion should be granted.

**DISCUSSION**

On January 14, 2016, Plaintiff filed a complaint against Defendants alleging claims for unpaid overtime compensation and recovery of minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b). On March 1, 2016, Plaintiff filed a return of service reflecting service on Defendants. (Dkts. 5, 6, 7). As of

March 21, 2016, Defendant failed to answer or otherwise respond to Plaintiff's complaint. Consequently, a clerk's default was entered against Defendants. (Dkts. 9, 10, 11).

**Default Judgment**

Plaintiff now seeks default final judgment against Defendants. Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Accordingly, all well-pleaded allegations of fact against that defendant will be deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Mere conclusions of law, however, will not. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A plaintiff must provide "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). A "sufficient basis" means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206; *see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit decided prior to the close of business on September 30, 1981.

for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine "whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted).

The FLSA is a federal law that authorizes a private cause of action. Plaintiff's two-count complaint alleges that Defendants (1) failed to pay Plaintiff a minimum wage and (2) failed to pay him overtime wages, both in violation of the FLSA. Thus, Plaintiff has adequately invoked this Court's federal-question jurisdiction. *See* U.S.C. § 1331.

Moreover, Plaintiff's well-pleaded allegations state a claim for relief under the FLSA. Specifically, the complaint makes the following relevant allegations:

(1) that Plaintiff was employed by Defendants from approximately December 1, 2014 to September 1, 2015;

(2) that Defendants were "employers" "engaged in commerce" and Plaintiff was an "employee" as defined by the FLSA;

(3) that Plaintiff worked for Defendants as a shelf stocker and cashier;

(4) that Plaintiff worked approximately seventy (70) hours per week;

(5) that Plaintiff was paid $300 per week, regardless of how many hours he in fact worked;

(6) that Defendants failed to pay Plaintiff minimum wage or overtime as the FLSA requires;

(7) that Defendants' conduct was willful.

The FLSA requires that certain employers pay certain employees a minimum wage and, should those employees work more than forty hours in a given week, time-and-a-half pay for each hour over forty. *See* 29 U.S.C. § 206–207. Accepted as true, the allegations in Plaintiff's complaint permit the Court to draw the reasonable inference that Defendants violated these requirements of the FLSA. *See Surtain*, 789 F.3d at 1245 (internal citations omitted). Default final judgment will be entered against Defendants.

**Damages**

In support of the motion for default final judgment, Plaintiff submits an affidavit outlining the amount of unpaid wages owed to him and the total amount of damages owed to him under the FLSA. (Dkt.15-1). Specifically, Plaintiff seeks $14,133.60 in unpaid overtime wages for the period between December 1, 2014 and September 1, 2015, which he argues represents the thirty hours of overtime he worked each week of his employment at a time-and-a-half hourly rate of $12.08 per hour. Plaintiff seeks an additional $14,133.60 in liquidated damages, which the FLSA authorizes for willful violations, for a total damages calculation of $28,267.20. Plaintiff does not seek recovery of attorney's fees or costs.

This sum of damages, the Court finds, is capable of being ascertained by way of mathematical calculation, just as it was in Plaintiff's affidavit. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted). Moreover, Plaintiff's affidavit supplies the "essential evidence" that the Court would have used in a hearing to determine damages—namely, Plaintiff's sworn testimony. *Cf. S.E.C. v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005). For these reasons, a hearing on damages is not necessary. *See id.* (citing *Adolph Coors*, 77 F.2d at 1543).

It is therefore ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 15) is GRANTED.

2. The Clerk is directed to enter Final Default Judgment in favor of Plaintiff and against Defendants in the amount of $28,267.20, which represents unpaid wages in the amount of $14,133.60 and liquidated damages in the amount of $14,133.60, for all of which execution shall issue. This amount shall accrue post judgment interest at the federal statutory rate.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record